# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIE KEVIN WILLIAMS, # 173816,** | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 22-0060-KD-MU |
| **ASHLEY M. RICH,** | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

Plaintiff Willie Kevin Williams, who is proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 and a Motion to Proceed Without Prepayment of Fees.[1] (Docs. 1, 4).[2] Upon review of the complaint and Plaintiff's litigation history, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), because Williams did not pay the $402 filing and administrative fees when he filed this action.

### I. Section 1915(g) and Plaintiff's Litigation History.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that

---

[1] Plaintiff's Motion to Proceed Without Prepayment of Fees previously was granted. (Doc. 6, PageID.25). By separate order, this grant of *in forma pauperis* status is being revoked given this Report and Recommendation.

[2] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

> was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin,* 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16 (2007).

Because Plaintiff sought leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen his complaint. (Doc. 1). In screening the complaint under 28 U.S.C. § 1915(e)(2)(B), the undersigned reviewed the dockets of the United States District Courts for the Northern, Middle, and Southern Districts of Alabama to determine if Plaintiff has three or more actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. From these dockets, the Court discovered that Plaintiff has had at least three actions or appeals dismissed for one of the listed reasons, namely,[3] *Williams v. Thompson*, CA No. 95-00460-WHA-VPM (M.D. Ala. 1995) (dismissed pursuant to § 1915(d)); *Williams v. Alabama Dep't of Corr.*, CA No.

---

[3] The Court is taking judicial notice of the U.S. Party/Case Index, PACER Service Center, available at *http://pacer.psc.uscourts.gov*. *See Grandinetti v. Clinton,* 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished).

2

09-00519-ID-WC (M.D. Ala. 2009) (dismissed for failure to state a claim); *Williams v. Alabama Dep't of Corr.,* CA No. 12-00335-TMH-WC (M.D. Ala. 2012) (dismissed as frivolous); and *Williams v. Baldwin Cnty. Corr. Center*, CA No. 08-00033-WS-C (S.D. Ala. 2009) (dismissed for failure to state a claim). Thus, the present action falls within the scope of 28 U.S.C. § 1915(g). Consequently, the present action is due to be dismissed unless Plaintiff can satisfy the exception to § 1915(g).

## II. **Section 1915(g)'s Exception**.

Section 1915(g)'s exception requires that at the time of the complaint's filing, Plaintiff must show that he was "under imminent danger of serious physical injury." *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury must exist at the time the complaint is filed, not at a prior time); *Adbul-Akabar v. McKelvie,* 239 F.3d 307, 315 (3d Cir.) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied,* 533 U.S. 953 (2001).

To determine if § 1915(g)'s exception is met, the "complaint, as a whole, [must] allege[] imminent danger of serious physical injury." *Brown v. Johnson,* 387 F.3d 1344, 1350 (11th Cir. 2004). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen,* 2007 WL 484547, at *1 (S.D. Ala. 2007) (unpublished); *see Brown*, *supra*. Plaintiff's allegations, however, do not show he was experiencing, or would experience, an imminent danger of serious physical injury.

3

Plaintiff named as the sole Defendant Ashley Rich, the District Attorney for Mobile County, Alabama. (Doc. 1 at 5, PageID.5). The relief Plaintiff seeks in this action is an order allowing him "to have the DNA Evidence re-tested because the State of Alabama do[esn't] have a State Remedy under §15-18-200 [as] it only applies to Death Row inmates." (*Id.* at 7, PageID.7).

According to Plaintiff, on September 10, 2012, he was tried on a 1993 cold case by the Mobile County's District Attorney's Office in which DNA evidence from a CODIS[4] hit "labeled him as a potential contributor in [the] case." (*Id.*). The DNA evidence was tested by only one side, the State. (*Id.* at 4, 7, PageID.4, 7). Because there is no state law remedy, he wants the DNA evidence re-tested pursuant to 18 U.S.C. § 3600 which provides for such. (*Id.* at 4, PageID.4, Doc. 2 at 2, PageID.10).

After filing the complaint, Plaintiff filed other documents which the Court is treating as amendments to the complaint, namely, Request for Leave to File Addendum Complaint. . . . (Doc. 2, PageID.9), Complaint and Brief in Support. . . . (Doc. 5, PageID.21), Motion to Amend Complaint (Doc. 7, PageID.26), and Request for Leave to File an Amended Piece of Evidence to On Going Complaint . . . . (Doc. 9, PageID.74). These amendments contain much repetition and a few pieces of new information.

In these amendments, according to Plaintiff, in 2011, he was charged with first-degree rape, second-degree kidnapping, and third-degree robbery from a 1993 cold

---

[4] "CODIS is the acronym for the Combined DNA Index System and is the generic term used to describe the FBI's program of support for criminal justice DNA databases as well as the software used to run these databases. The National DNA Index System or NDIS is considered one part of CODIS, the national level, containing the DNA profiles contributed by federal, state, and local participating forensic laboratories." https://www.fbi.gov/services/laboratory/biometric-analysis/codis/codis (last visited June,29, 2022).

case, which resulted in him receiving three consecutive life sentences. (Doc. 5, PageID.21). These convictions were affirmed on appeal, and his three Rule 32 petitions were dismissed, with their appeals being denied. (Doc. 7 at 4, PageID.29). Thus, exhaustion of his remedies has occurred. (*Id.*).

At trial, Plaintiff's expert, Dr. Ronald Acton, testified that he merely reviewed the State's paperwork as he did not have a laboratory to test the evidence against Plaintiff. (*Id.*). Dr. Acton testified that in Plaintiff's "DNA make[-]up there [were] 5 missing results which means the make[-]up is degradable and the test is inconclusive." (*Id.*). And saliva, "hairs, vacuum tube of blood and other items were never tested." (*Id.* at 3, PageID.28). Whereas Plaintiff contends that re-testing would show that he is "factually innocent." (Doc. 5 at 2, PageID.22). Without the re-testing, he claims that he does not have newly discovered evidence to present to the court. (Doc. 7 at 4, PageID.29). He further points out that the victim's hymen ring was intact although she was to have been forcibly raped. (Doc. 5 at 2, PageID.22). Furthermore, he maintains that he was in prison on December 12, 1993 when the crimes were committed. (*Id.*).

Plaintiff advises that Alabama Code § 15-18-200 only provides DNA re-testing for a defendant who received a death sentence. (Doc. 2 at 2, PageId.10). Because DNA re-testing is not available to him, a non-death sentenced inmate, and he has exhausted his state remedies, he seeks DNA re-testing under 18 U.S.C. § 3600 (a)(1)(B)(ii)(1)(2) at his own expense. (Doc. 7 at 4, 5, PageID.29, 30).

After reviewing Plaintiff's allegations in his complaint and its amendments, the undersigned finds they do not contain information reflecting that at the time the complaint was filed that Plaintiff was "under imminent danger of serious physical injury,"

as required by 28 U.S.C. § 1915(g)'s exception. *Medberry,* 185 F.3d at 1193

### III. Conclusion.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $402 filing and administrative fees at the time he filed this action, this action is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002).

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific

6

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** and **ORDERED** this 1st day of July, 2022.

                                  **s/ P. BRADLEY MURRAY**
                                  **UNITED STATES MAGISTRATE JUDGE**